**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

JAMIE RAY LONG

Plaintiff,

v.

Civil Action No. 7:25-cv-00484

Judge Urbanski

PULASKI COUNTY PUBLIC SERVICE AUTHORITY

Defendant.

**AMENDED COMPLAINT**

Plaintiff Jamie Ray Long ("Plaintiff"), by counsel, for his Amended Complaint filed pursuant to FRCP 15(a)(1) against Defendant Pulaski County Public Service Authority ("Defendant" or "PSA"), states as follows:

I. **JURISDICTION AND VENUE**

1. This action arises under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred within the Western District of Virginia, and Defendant resides and conducts business in this District.

## II. PARTIES

4. Plaintiff Jamie Ray Long is a resident of Pulaski County, Virginia.

5. Defendant Pulaski County Public Service Authority is a public service authority and employer within the meaning of the ADA, employing more than fifteen (15) employees at all relevant times.

## III. ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation.

7. On April 21, 2025, the EEOC issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to institute this civil action.

8. This action was timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

9. A copy of the EEOC Notice of Right to Sue dated April 21, 2025, is attached hereto as Exhibit A.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff was hired by Defendant on or about January 9, 2023, as a Water Service Technician in Defendant's Water and Wastewater Department.

11. Plaintiff's position was classified as a full-time, non-exempt position, and Plaintiff performed the duties of his job satisfactorily during his employment.

12. Plaintiff suffers from a spinal and back impairment, which constitutes a disability within the meaning of the ADA, including as an actual disability and/or as a disability Defendant regarded Plaintiff as having.

13. Plaintiff's condition is episodic in nature and periodically flares, causing pain and temporary functional limitations.

14. On or about March 31, 2023, Plaintiff informed his supervisor that his prior back injury had flared and was causing pain.

15. Plaintiff further advised that he anticipated needing medical evaluation and treatment related to his back condition.

16. Plaintiff did not refuse work, did not request to be excused from his duties, and continued performing his job.

17. On April 6, 2023, only days after disclosing his back condition and need for medical evaluation, Plaintiff was terminated from his employment.

18. At no time prior to Plaintiff's disclosure of his medical condition did Defendant issue any warnings, disciplinary actions, or performance evaluations indicating that Plaintiff's job was in jeopardy or that his conduct was unacceptable. Defendant had not documented any alleged "behavioral" or "attitude" issues prior to Plaintiff's disclosure.

19. Plaintiff's back condition did not prevent him from performing his job duties at the time of termination.

20. Defendant's termination letter claimed Plaintiff was terminated for "behavioral and attitude issues," allegedly documented during orientation.

21. These stated reasons were false, exaggerated, and pretextual, and were not supported by any contemporaneous discipline or documentation.

22. Plaintiff's termination occurred in close temporal proximity to his disclosure of his disability and anticipated medical treatment.

23. Plaintiff was terminated because of his disability, because Defendant regarded him as disabled, and in retaliation for engaging in activity protected by the ADA.

24. Plaintiff's termination decision was made or approved by supervisory personnel with authority over his employment.

25. Following his termination, Plaintiff sought alternative employment and later obtained other work, mitigating his damages.

26. Plaintiff has suffered lost wages, emotional distress, humiliation, inconvenience, and other compensable damages as a result of Defendant's unlawful conduct.

## V. <u>COUNTS</u>

### COUNT I

### Disability Discrimination – Discriminatory Discharge

### (Americans with Disabilities Act, 42 U.S.C. § 12112)

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. At all relevant times, including immediately prior to his termination, Plaintiff was actively performing the essential functions of his position, reported to work as scheduled, and had not been restricted from working by any medical provider.

29. Plaintiff is an individual with a disability within the meaning of the ADA, and/or was regarded by Defendant as having a disability.

30. Plaintiff was a qualified individual, able to perform the essential functions of his position.

31. Defendant terminated Plaintiff's employment because of his disability and/or because Defendant regarded Plaintiff as disabled, rather than for the reasons stated in the termination letter.

32. Defendant's stated reasons for termination were pretextual and not the true reasons for Plaintiff's discharge.

33. Defendant's actions constitute unlawful disability discrimination in violation of the ADA.

**COUNT II**

**Retaliation**

**(Americans with Disabilities Act, 42 U.S.C. § 12203)**

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant's decision-makers were aware of Plaintiff's disclosure regarding his back condition and anticipated medical treatment at the time the termination decision was made.

36. Plaintiff engaged in protected activity by disclosing his disability and the need for medical evaluation and treatment.

37. Defendant subjected Plaintiff to an adverse employment action by terminating his employment.

38. Plaintiff's termination was causally connected to his protected activity, as demonstrated by close temporal proximity and lack of prior discipline.

39. Defendant's conduct constitutes unlawful retaliation in violation of the ADA.

## DAMAGES

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

a. Lost wages and benefits;

b. Emotional distress, embarrassment, and humiliation;

c. Inconvenience and loss of enjoyment of life; and

d. Other compensatory damages allowed by law.

41. Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 12205.

## VIII. JURY DEMAND

42. Plaintiff demands trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages in an amount to be determined by the jury;

C. Award back pay and other equitable relief as appropriate;

D. Award reasonable attorneys' fees and costs;

E. Award pre- and post-judgment interest as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jamie Long

BY:____________ /s/ ___________

Timothy V. Anderson
Anderson Law
2492 N. Landing Rd 104
Virginia Beach VA 23456
757-301-3636
757-301-3640 Fax
VSB 43803
Counsel for Plaintiff